IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANDREW COX,** | CASE NO. 4:22 CV 166 |
| Petitioner, | JUDGE CHARLES E. FLEMING |
| v. | |
| **UNITED STATES,** | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner, Andrew Cox, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Elkton Correctional Institution, having pled guilty in the District of New Jersey in 2011 to six counts of knowingly distributing child pornography in violation of 18 U.S.C. § 2252(a)(2)(A). *See United States v. Cox*, No. 12-3907, 553 Fed. Appx 123 (3d Cir. Jan. 13, 2014). In his Petition, Cox claims the District of New Jersey has taken too long to decide his Motion to Vacate under 28 U.S.C. § 2255. He contends the delay constitutes a violation of the "suspension clause," Art. I, sec. 9, cl.2 of the United States Constitution, which renders his remedy under 28 U.S.C. § 2255 inadequate and ineffective. He claims this provides authority under the "saving clause" of § 2255 to file a Petition under 28 U.S.C. § 2241. Although he does not raise any substantive claims in this Petition, he asks this Court to vacate his conviction and order his immediate release from federal custody.

### BACKGROUND

In 2011, Cox pled guilty to six counts of distributing child pornography in the United States District Court for the District of New Jersey. *See United States v. Cox*, No. 2:11 cr 0099 (D. NJ

1

Oct. 3, 2012). He was sentenced to 262 months in prison. The Third Circuit Court of Appeals affirmed his conviction and sentence in 2014. *See United States v. Cox*, 553 F. App'x 123, 125 (3d. Cir. 2014). He filed his Motion to Vacate under 28 U.S.C. § 2255 in January 2016 in the District of New Jersey, where it remains pending. *See Cox v. United States,* No. 2:16 CV 345 (D. NJ filed Jan. 20, 2016).

Although it has been pending for six years, his Motion has not been inactive or dormant. The docket reflects that it has been dismissed, reinstated, and amended multiple times with Orders from the Court for the Respondent to reply to each new amendment. *See Cox v. United States,* No. 2:16 CV 345 (D. NJ filed Jan. 20, 2016). Cox also has filed thirty additional Motions, Notices and Oppositions in that case just from the time of reopening. The New Jersey District Court has responded to those filings. In addition, Cox has also filed over 100 Motions and Petitions, and 11 Appeals in his criminal case after the Third Circuit affirmed his conviction on January 29, 2014. *See United States v. Cox*, No. 2:11 cr 0099 (D. NJ Oct. 3, 2012). Those filings include multiple Motions to Dismiss his indictment or criminal conviction, Motions for Release, Motions for Reconsideration, Motions for Summary Judgment, a Petition for a Writ of Error Coram Nobis, Motions to Strike Opposition, Motions for Recusal, a Motion to Vacate his Plea, Motions for Leave to File a Motion to Vacate, Motions to be Declared Innocent, Motions for Damages, a Motion to Retroactively Toll the Statute of Limitations for a Motion to Vacate under § 2255, a Petition for a Writ of Mandamus, and Motions to Change Venue. *Id.* The New Jersey District Court and the Third Circuit addressed all of those filings, except his most recent ones.

Meanwhile, Cox has repeatedly petitioned this District Court for relief from his conviction under 28 U.S.C. § 2241. *See Cox v. United States*, No. 4:15 CV 1756 (N.D. Ohio Dec. 23, 2015) (Lioi, J.) (asking this Court to override the decisions of the District of New Jersey and the Third Circuit Court of Appeals denying his speedy trial claim); *Cox v. United States*, No. 4:16 CV 261

(N.D. Ohio Apr. 6, 2016) (Boyko, J.) (invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for challenging his conviction under § 2241); *See Cox v. United States*, No. 4:16 CV 1236 (N.D. Ohio July 1, 2016) (Lioi, J.) (invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for challenging his conviction under § 2241); *See Cox v. United States*, No. 4:16 CV 1981 (N.D. Ohio Sept. 12, 2016) (Nugent, J.) (invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for challenging his conviction under § 2241); *Cox v. United States*, 4:17 CV 0248 (N.D. Ohio Sept. 27, 2018) (invoking the "suspension clause," U.S. Const. art. I, § 9, cl. 2, as authority for challenging his conviction under § 2241). He was repeatedly informed by this District Court that he cannot challenge his conviction or sentence under § 2241. His last three Petitions were denied on the basis of *res judicata*.

Undeterred, Cox has now filed his sixth Petition invoking the "suspension clause" to argue that his remedy under § 2255 is inadequate and ineffective, allowing him to file a Petition under § 2241. Notably, he did not assert any actual claims in his Petition, but merely argued that he should be able to obtain relief under § 2241 due to the District of New Jersey's delay in deciding his § 2255 Motion to Vacate. For the reasons set forth below, the Petition is denied.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Cox is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any

such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

### DISCUSSION

As an initial matter, Cox does not bring substantive claims in his Petition. He asserts only that he should be permitted to seek relief under § 2241 due to the District of New Jersey's delay in ruling on his § 2255 Motion. The question of whether a federal prisoner must seek relief under § 2241 or § 2255 is based directly on what type of claim the prisoner is asserting. Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). A federal prisoner seeking to challenge the execution or manner in which his sentence is served must seek relief under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). These statutes are mutually exclusive. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Moreover, although § 2255 does contain a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," it is available only for very specific and limited types of claims. *See Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019) (providing clear explanation on the limited application of the saving clause). Because Cox did not

assert a substantive claim in his Petition, the Court cannot determine whether he can proceed with a § 2241 Petition or whether he must seek relief in a Motion filed under § 2255.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

Dated: April 11, 2022

_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE