IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANDREW COX,** | CASE NO. 4:22 CV 166 |
| Petitioner, | JUDGE CHARLES E. FLEMING |
| v. | |
| **UNITED STATES,** | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

This matter is before the Court on remand from the United States Sixth Circuit Court of Appeals with the instruction that this Court dismiss the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 for lack of subject matter jurisdiction.

Cox is currently incarcerated in the Elkton Correctional Institution, having pled guilty in the District of New Jersey in 2011 to six counts of knowingly distributing child pornography in violation of 18 U.S.C. § 2252(a)(2)(A). *See United States v. Cox*, No. 12-3907, 553 Fed. Appx 123 (3d Cir. Jan. 13, 2014). In his Petition, he claims the District of New Jersey has taken too long to decide his Motion to Vacate under 28 U.S.C. § 2255, and he should be able to seek relief from his conviction under § 2241. He contends the delay constitutes a violation of the "suspension clause," Art. I, sec. 9, cl.2 of the United States Constitution, which renders his remedy under 28 U.S.C. § 2255 inadequate and ineffective and allows him to invoke the "savings clause" of § 2255 to file a Petition under 28 U.S.C. § 2241. He does not assert any substantive claims in his Petition, but merely argues that he should be able to obtain relief under § 2241. He asked this Court to vacate his conviction.

The question of whether a federal prisoner must seek relief under § 2241 or § 2255 is based directly on what type of claim the prisoner is asserting. Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). A federal prisoner seeking to challenge the execution or manner in which his sentence is served must seek relief under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). These statutes are mutually exclusive. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Section 2255 contains a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241. If it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention, [§ 2241] is available only for very specific and limited types of claims." *See Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019) (providing clear explanation on the limited application of the savings clause) (clarification added).

This Court determined that the Petition should be dismissed because Cox did not assert any substantive claims and he did not demonstrate that he could proceed with a Petition under § 2241. Cox appealed that decision. The Sixth Circuit agreed with this Court that Cox could not proceed with a Petition under § 2241 but indicated that because Cox sought to have his conviction vacated, his sole remedy for obtaining this relief is a Motion filed under §2255. (Case no. 22-3366, ECD No. 8-2, Page 2). The Sixth Circuit determined that Petitioner's arguments did not demonstrate that he was entitled to application of the savings clause and, therefore, this Court lacked subject matter jurisdiction to consider his § 2241 Petition. (*Id.* at Page 2–3). They remanded the case to

this Court with the instruction that this Court dismiss the Petition for lack of subject matter jurisdiction. (*Id.* at Page 3).

Accordingly, for the reasons set forth by the Sixth Circuit Court of Appeals, this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: January 31, 2023

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE